IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE CHAVEZ, | No. 2:15-CV-0631-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RONALD RACKLEY, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 9).

Petitioner claims that, on August 5, 2013, he was charged with a rules violation arising from an incident occurring on August 2, 2013. According to petitioner, he was charged with possession of contraband discovered in his cell. Following a hearing, petitioner was found guilty of the rules violation and was assessed with a loss of good-time credits.

///

///

///

1

In his motion to dismiss, respondent argues, among other things, that petitioner fails to state any claims cognizable under § 2254 because his claims do not relate to either the fact or duration of petitioner's confinement. When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___ F.3d ___, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

In this case, as in Nettles, petitioner is serving an indeterminate life sentence with the possibility of parole. As in Nettles, the loss of good-time credits only affects the length of petitioner's confinement if and when he is found suitable for parole. As respondent notes, petitioner's claims are not cognizable because he has not been found suitable for parole. The court agrees. While it is possible that the loss of good-time credit may result in lengthier confinement if petitioner is found suitable for parole, at this time success on the merits of his

claims and restoration of good-time credits will not necessarily spell speedier release. See Skinner, 131 S.Ct. at 1298-99 n.13.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 9) be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE